## SUPREME COURT.

AVERY AND OTHERS, Assignees, &c., agt. SMITH AND ANOTHER Administrators, &c.

Where a claim against an estate had, in good faith, been referred under the Revised Statutes, (2 R. S. 89,) and a lengthy litigation ensued, on motion by the prevailing party for confirmation of the report and for costs—*held*, that under § 317 of the Code, no costs could be allowed. Fees of referees and witnesses and other necessary disbursements were all that could be had.

*Washington Special Term, September*, 1853. Motion to confirm report and for costs.

The plaintiffs, as assignees, &c., presented a claim to the defendants against their intestate. It was supposed by both parties that the estate was indebted to plaintiffs, but the amount could not be agreed upon and a reference was had under § 36, Title 3, Art. 2, Ch. 6 of 2d part of Revised Statutes, (2 R. S. 89.) On a hearing before the referees, which lasted two days, they reported that there was nothing due to plaintiffs as assignees, but that there was due from Reuben Sanford, their assignor, to the defendants, as administrators, the sum of $13.13. Both parties have acted in perfect good faith, nor is there any complaint against the plaintiffs of any mismanagement on their part. The defendants apply for an order confirming the report and for costs.

> FINCH & HARWOOD, *for Plaintiffs.*
> B. POND, *for Defendants.*

C. L. ALLEN, Justice. It is proper that the defendants should make a motion to confirm the report in this case, and I should be inclined to grant them costs but for the amendment inserted in section 317 of the Code of 1851, 1852. Before that it had been decided that such a proceeding was a suit at law, and that costs could be allowed. But the insertion of the provision just alluded to alters the law. It is as follows: " *Whenever* any claim against a deceased person shall be referred pursuant to the provisions of the Revised Statutes, the prevail-

ing party shall be entitled to recover the *fees of referees and witnesses, and other necessary disbursements,* to be taxed according to law." I think the intention was to exclude all other costs. The section, like many of its fellows, is somewhat dark and obscure, and although it is not at all times easy to bring light out of darkness, yet the small ray afforded by this phraseology in my judgment warrants this construction. Such was the conclusion in Van Sickler agt. Graham, (7 *How.* 208,) decided since the amendment. I am of opinion, therefore, that I can only allow items there mentioned.

There is no pretence here that plaintiffs have mismanaged or have acted in bad faith. They are clearly *assignees of an express trust,* within the meaning of the section.

The order, therefore, must be, to confirm the report, and for judgment, that the amount reported, with the fees of referees and witnesses, and other necessary disbursements, be collected out of the funds or estate of Reuben Sanford in the hands of the plaintiffs as his assignees.